UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Zackery Louis Johnson, | ) C/A No. 4:05-1794-GRA-TER |
| Plaintiff, | ) |
| vs. | ) Report and Recommendation |
| John Doe, Greenville County Sheriff's Deputy, | ) |
| Defendant. | ) |

The plaintiff, Zackery Louis Johnson ("Plaintiff"), proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983.[1]  At the time of filing this action, Plaintiff was incarcerated at the Greenville County Detention Center.  Plaintiff files this action *in forma pauperis* under 28 U.S.C. § 1915.  The complaint names as the sole Defendant, John Doe, Greenville County Sheriff's Deputy.  In an order dated July 1, 2005, the Clerk of Court was directed to issue the summons and forward the summons and complaint to the U.S. Marshal for service of process.  The order also notified Plaintiff that the information provided for service of process by the U.S. Marshal might be insufficient and result in dismissal of the case if the Defendant is not served within one hundred and twenty days pursuant to Rule 4 of the Federal Rules of Civil Procedure.  The order specifically states:

> The plaintiff has named "John Doe," a Greenville County Sheriff's Deputy, as the defendant.  The service papers provided by the plaintiff contain the name "John Doe."  The information provided by the plaintiff on the Form USM-285 might not be sufficient for the U.S. Marshal to effect service of process.  The plaintiff must provide information sufficient to identify the defendant on the Form USM-285.  If the Marshal is not able to serve process because of the

---

[1] Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

>lack of information sufficient to identify the defendant on the Form USM-285, the case may be dismissed after one hundred and twenty (120) days. *See* Rule 4(m) Federal Rules of Civil Procedure (FRCP).

The U. S. Marshal filed a process receipt and return on July 25, 2005, which indicates that service was attempted but the named Defendant was unknown. Plaintiff has not responded to the failed attempt at service by providing the court with additional information to identify the Defendant for service. As a result of insufficient information provided by Plaintiff, service has not been executed as to the Defendant.

Since the sole Defendant has not been served with process, the case should be dismissed under Rule 4(m) of the Federal Rules of Civil Procedure. Pursuant to Rule 4(m), "[i]f service of the summons and complaint is not made upon a defendant within one hundred and twenty (120) days after the filing of the complaint, the Court, upon motion or on its own initiative after notice to the Plaintiff, shall dismiss the action without prejudice as the that Defendant." An extension of time to serve may be granted under Rule 4(m) if Plaintiff "shows good cause for the failure" to effectuate service. The time for service began in this case on June 29, 2005, and the one hundred and twenty (120) day period for service expired October 27, 2005. Therefore, unless Plaintiff can show good cause for failure to provide sufficient information to effect service of process, this case is subject to dismissal.

**Plaintiff is herein specifically advised and placed on notice that, in response to this Report and Recommendation, he must present good cause to the Court for failure to provide sufficient information to effect service of process on the Defendant, within ten (10) days of the filing of this Report and Recommendation.**

**Failure to do so will result in this case being dismissed.**

Recommendation

If in response to this Report and Recommendation, Plaintiff fails to demonstrate good cause for having failed to provide sufficient information to effect service of process on the Defendant, and time to effect service is not extended by the Court, it is recommended that this case be **dismissed, without prejudice**, pursuant to Rule 4(m), Federal Rules of Civil Procedure. Plaintiff's attention is directed to the notice on the following page.

                    Respectfully submitted,

                    s/Thomas E. Rogers, III
                    Thomas E. Rogers, III
                    United States Magistrate Judge

November 30, 2005
Florence, South Carolina

## Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation"
## &
## The Serious Consequences of a Failure to Do So

The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within ten (10) days of the date of service. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. *See* Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410, 1993 U.S.Dist. LEXIS® 3411 (D.S.C. 1993).

During the ten-day period for filing objections, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections. *See* Keeler v. Pea, 782 F. Supp. 42, 43-44, 1992 U.S.Dist. LEXIS® 8250 (D.S.C. 1992); and Oliverson v. West Valley City, 875 F. Supp. 1465, 1467, 1995 U.S.Dist. LEXIS® 776 (D.Utah 1995). Failure to file written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. *See* United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), *cert. denied*, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509, 1991 U.S.App. LEXIS® 8487 (6th Cir. 1991). *See also* Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In Howard, supra, the Court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

*See also* Branch v. Martin, 886 F.2d 1043, 1046, 1989 U.S.App. LEXIS® 15,084 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 7 n. 1 (3rd Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review"). This notice, hereby, apprises the plaintiff of the consequences of a failure to file specific, written objections. *See* Wright v. Collins, supra; and Small v. Secretary of HHS, 892 F.2d 15, 16, 1989 U.S.App. LEXIS® 19,302 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

Larry W. Propes, Clerk
United States District Court
Post Office Box 2317
Florence, South Carolina  29503
